# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,     )
                                  )
               Respondent,    )
                                  )
        v.                       )
                                  )
M.C.,                         )
B.D. 08/23/94,           )
                                  )
              Appellant.     )

No. 69164-3-I

DIVISION ONE

UNPUBLISHED OPINION

FILED: MAY 2 8 2013

PER CURIAM. M.C. appeals her conviction in juvenile court for third degree retail theft with special circumstances. Her court-appointed attorney has filed a motion to withdraw on the ground that there is no basis for a good faith argument on review. Pursuant to State v. Theobald, 78 Wn.2d 184, 470 P.2d 188 (1970), and Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), the motion to withdraw must:

> (1) be accompanied by a brief referring to anything in the record that might arguably support the appeal. (2) A copy of counsel's brief should be furnished the indigent and (3) time allowed him to raise any points that he chooses; (4) the court-not counsel-then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous.

Theobald, 78 Wn.2d at 185 (quoting Anders, 386 U.S. at 744).

This procedure has been followed. M.C.'s counsel on appeal filed a brief with the motion to withdraw. M.C. was served with a copy of the brief and informed of her right to file a statement of additional grounds for review. M.C. did not file a supplemental brief.

The material facts are accurately set forth in counsel's brief in support of the motion to withdraw. The court has reviewed the briefs filed in this court and has independently reviewed the entire record. The court specifically considered the following potential issues raised by counsel:

1.    Was the search incident to M.C.'s arrest unlawful?

2.    Is there sufficient evidence supporting M.C.'s commission of the alternative means for theft from "three or more distinct mercantile establishments"?

3.    Is the alternative means for theft from "three or more distinct mercantile establishments" unconstitutionally vague as applied?

The court also raised and considered the following potential issue:

Is there sufficient evidence supporting M.C.'s commission of the alternative means for theft while in possession of an article designed to overcome security systems?

The issues raised by counsel and the court are wholly frivolous. The motion to withdraw is granted and the appeal is dismissed.

For the court:

_Schindler, J._

_Lau, J._

_Spearman, A.C.J._